## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MATTHEWS, et al., | ) | CASE NO. 5:16-cv-540 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| GENERAL RV CENTER, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendant, General RV Center "(GRVC"), to dismiss or to transfer venue to the United States District Court for the Eastern District of Michigan. (Doc. No. 8.) Plaintiffs[1] responded to this motion, indicating that they consent to the transfer. (Doc. No. 21.)

Also before the Court is the Rule 12(b)(6) motion of defendant Ally Financial Inc. ("Ally") to dismiss for failure to state a claim. (Doc. No. 6.) Plaintiffs filed their opposition (Doc. No. 20), and Ally filed a reply (Doc. No. 22).

### I. BACKGROUND

This case involves claims by plaintiffs relating to their purchase of a certain recreational vehicle from GRVC for which financing was provided by Ally. After the parties executed the retail installment contract and security agreement (which was sold by GRVC to Ally), disputes arose between plaintiffs and GRVC. Notably, plaintiffs were dissatisfied with the overall condition and performance of the vehicle, necessitating lengthy, and allegedly unsuccessful,

---

[1] This case was removed from state court. The caption of the state court complaint identifies plaintiffs as "Robert and Colleen Matthews," but the actual allegations of the complaint only identify "Colleen Matthews" as the plaintiff. (Doc. No. 1 at Page ID #5.) The Court is assuming that both Robert and Colleen are parties. Defendants appear to do the same.

repairs that delayed plaintiffs' use and enjoyment of the vehicle. Plaintiffs allege that they contacted Ally numerous times and advised it not to issue any payment to GRVC due to the parties' contractual disputes. Nonetheless, Ally dispersed payment to GRVC. Plaintiffs seek to recover damages, including punitive damages, from GRVC and Ally.

## II. DISCUSSION

GRVC's motion to transfer seeks to enforce the forum-selection clause in its contract with plaintiffs. This clause provides that "all claims must be filed in Michigan." (Doc. No. 8-2 at 137, capitalization omitted.)[2] Plaintiffs have consented to the proposed transfer. (*See* Doc. No. 21.)

Under 28 U.S.C. § 1404(a) a district court may "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented … for the convenience of parties and witnesses[.]" Ordinarily, application of § 1404(a) requires a court to "evaluate both the convenience of the parties and various public-interest considerations," "weigh[ing] the relevant factors and decid[ing] whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W.D. of Tex.*, __ U.S. __, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* (citation and internal quotation marks omitted). Under that circumstance, "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

exceptional cases." *Id*. at 579 (citation and internal quotation marks omitted). By "[e]nforc[ing] … valid forum-selection clauses, bargained for by the parties, [the court] protects their legitimate expectations and furthers vital interests of the justice system." *Id*. at 581 (citation and internal quotation marks omitted). When presented with an agreement containing a forum selection clause, the Court must disregard plaintiff's choice of forum and the parties' private interests. *Id*. at 581-82. Instead, it "consider[s] arguments about public-interest factors only[,]" and "those factors will rarely defeat a transfer motion[.]" *Id.* at 582.

Here, plaintiffs consent to GRVC's transfer request. But the Court must also address whether transfer is appropriate with respect to Ally, a non-party to the contract containing the forum-selection clause, who, under basic principles of contract law, would not ordinarily be bound by that contract's terms.

"A non-party to a contract may be bound by a forum selection clause if the party is so closely related to the dispute that it is foreseeable that the party will be bound." *Highway Commercial Servs., Inc. v. Zitis*, No. 2:07-CV-1252, 2008 WL 1809117, at *4 (S.D. Ohio Apr. 21, 2008) (citing *Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001); *Manetti Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988)). "Third-party beneficiaries to a contract may be similarly bound." *Id.* (citing *Barrett v. Picker Int'l, Inc.*, 589 N.E.2d 1372, 1375-76 (Ohio Ct. App. 1990)). This Court has previously noted that other courts have applied "'a common sense, totality of the circumstances approach'" to determine whether a non-signatory should have reasonably foreseen that it might be bound by a forum selection clause. *Veteran Payment Sys., LLC v. Gossage*, No. 5:15CV981, 2015 WL 545764, at *8 (N.D. Ohio Feb. 10, 2015) (quoting *Regions Bank v. Wyndham Hotel Mgmt., Inc.*, No. 3:09-1054, 2010 WL 908753, at *6 (M.D. Tenn. Mar. 12, 2010) (assignee was closely related to

3

parties to a hotel management agreement so as to be bound by the agreement's forum selection clause)).

Although Ally has not expressly opposed the motion to transfer, it filed a separate motion to dismiss. Ally argues that the sole negligence claim against it in plaintiffs' complaint must be dismissed because plaintiffs are not permitted to sue in tort where there is a contract between the parties and, further, that it owed no separate duty of care to plaintiffs. (Doc. No. 6 at 34-35.)

In opposition, plaintiffs suggest that a separate duty of care arose, outside the contract, when they told a representative of Ally that they were dissatisfied with GRVC and that no monies should be released. (Doc. No. 20 at 222, citing Compl. ¶ 17 (plaintiffs "requested that no monies be released"); Compl. ¶ 18 ("[d]espite Plaintiffs' numerous requests not to provide said monies to [GRVC], Defendant Ally dispersed [the funds]").) Plaintiffs rely upon cases in the insurance context, where courts have recognized a separate duty for the insurance company to act in good faith. (*Id.* at 222-23, citing *Battista v. Lebanon Trotting Assoc.*, 538 F.2d 111, 117 (6th Cir. 1976); *Stone v. Davis*, 419 N.E.2d 1094, 1097-98 (Ohio Ct. App. 1981)).

Applying the "common sense, totality of the circumstances approach" of the cases cited above, the Court concludes that it is not inappropriate to subject Ally to the forum selection clause since Ally is *very* closely related to the dispute between plaintiffs and GRVC. Further, nothing in the record suggests that a transfer to Michigan would prejudice Ally in any way or cause issues relating to personal jurisdiction, since the notice of removal, to which Ally consented (Doc. No. 1 ¶ 3), indicates that Ally is a Delaware corporation with its principal place of business in Michigan.[3] (*Id.* ¶ 2.)

---

[3] The complaint suggests that Ally is a Minnesota corporation (*see* caption of complaint) doing business in Ohio (*see* Compl. ¶ 3). But the Court need not take this as true, given the statements in the notice of removal.

4

In view of the fact that courts often permit amendment of the pleadings in the face of a motion to dismiss, this Court concludes that, given the significantly interwoven nature of the claims against the two defendants, it is best for the transferee court to determine both whether Ally's arguments in its motion to dismiss relating to the cause of action stated against it have merit, and whether there may be any reason to consider permitting amendment of the complaint as to Ally. This approach is supported not only by the forum selection clause and cases governing the same, but also by the principle of judicial economy, and it further guards against the possibility of inconsistent rulings.

### III. CONCLUSION

For the reasons set forth herein, the motion of General RV Center to transfer venue (Doc. No. 8) is granted, and the Court declines to rule on the motion to dismiss of Ally Financial Inc. (Doc. No. 6.) A separate order of transfer shall issue.

**IT IS SO ORDERED**.

Dated: September 20, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**